UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TOMMY LEE BENTON,

    Plaintiff,

v.                                               CASE NO. 6:10-cv-448-Orl-28GJK

STEPHEN ROUSSEAN, *et al.*,

    Defendants.

_____

## ORDER

Petitioner initiated this action pursuant to 42 U.S.C. § 1983 (Doc. No. 1). This case is before the Court on Plaintiff's Second Amended Complaint (Doc. No. 13) and Defendant Roussean's Motion to Dismiss (Doc. No. 35). Plaintiff has filed a response in opposition to the motion to dismiss (Doc. No. 37).

### I. *Background*

Plaintiff Tommy Lee Benton ("Plaintiff"), proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 against Defendant Stephen Roussean, driver for United States Prisoner Transport. *See* Doc. No. 13.[1] Plaintiff alleges that on September 29, 2009, he was picked up by Defendant from the Hernando County Jail to be transferred to the Broward County Jail. *Id.* at 8. Plaintiff states that the transport vehicle was made to hold eight people but was overcrowded and had eleven men seated in the back of the vehicle. *Id.* at

---

[1]Although Plaintiff is now incarcerated in the Florida Department of Corrections, at the time of the incident Plaintiff was a pretrial detainee.

9-10. After four hours of driving and numerous stops, there remained only six prisoners, including Plaintiff. *Id.* at 10. Plaintiff contends that at each stop, the drivers would turn off the ventilation system and van would become very hot. *Id.* at 10. After the last stop, Plaintiff asked Roussean to turn the ventilation system back on. *Id.* Roussean's co-driver, John Doe, replied "you motherfuckers need to learn how to say please." *Id.* at 11. Plaintiff responded, "[I]s please constitutionally required?" *Id.*

At that point Roussean stopped the van, John Doe grabbed Plaintiff and removed him from of the back of the vehicle, ripped off Plaintiff's shirts, and Roussean sprayed Plaintiff with mace. *Id.* John Doe drug Plaintiff by his hair and slammed him into the pavement. *Id.* Both John Doe and Roussean began kicking and punching Plaintiff in the head and stomach. *Id.* at 11. Plaintiff alleges that he was restrained by leg shackles and handcuffs during the entire incident. *Id.* After the assault, Plaintiff asked if he could wash the mace from his eyes, and Roussean told him to "shut up" or they "would give him more." *Id.* at 11-12. Plaintiff asserts that as a result of the beating, he suffers from severe numbness on the left side of his stomach and headaches. *Id.* at 12.

Plaintiff alleges that Roussean retaliated against him for his protected speech, deprived him of equal protection, and subjected him to cruel and unusual punishment and excessive force.[2]

---

[2]Although Plaintiff does not specifically allege that Roussean violated his Eighth Amendment rights, the Court liberally construes Plaintiff's claim as one stating a claim under the Eighth Amendment because Plaintiff states that his federal right to be free from cruel and unusual punishment was violated. *See Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) (to state a claim under § 1983, a plaintiff must allege that the defendant

2

## II. Standard of Review

When considering a motion to dismiss pursuant to Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff and its allegations are taken as true. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development Corporation S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983). A complaint must contain a short and plain statement demonstrating an entitlement to relief, and the statement must "give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007) (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 346 (2005)). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007).

In order to survive a motion to dismiss, a complaint "does not need detailed factual allegations," but must plead "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570; *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009); *Randall v. Scott*, 610 F.3d 701, 708 (11th Cir. 2010). Thus, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

---

deprived him of a right secured under the United States Constitution or federal law); *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (noting that *pro se* pleadings are held to less stringent standards than those drafted by an attorney).

*Twombly*, 550 U.S. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.*

Dismissal is also warranted under Rule 12(b)(6) if, assuming the truth of the factual allegations of the plaintiff's complaint, there remains a dispositive legal issue which precludes relief. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *Brown v. Crawford County, Ga.*, 960 F.2d 1002, 1009-10 (11th Cir. 1992). Moreover, in the case of a *pro se* action, the Court should construe the complaint more liberally than it would pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

## III. Discussion

Roussean moved to dismiss Plaintiff's second amended complaint, arguing Plaintiff has failed to state claims upon which relief can be granted (Doc. No. 35 at 3). Specifically, Roussean contends that Plaintiff has failed to adequately allege that he deprived Plaintiff of his rights to free speech, equal protection of the law, and to be free from cruel and unusual punishment.

### A. Retaliation

Plaintiff alleges that Roussean retaliated against him for asking whether he could turn on the air conditioner or ventilation system in the back of the transport van (Doc. No. 13, Doc. No. 37 at 2). A prisoner may establish a First Amendment retaliation claim by demonstrating that a prison official retaliated against him for exercising his right to free speech. *O'Bryant v. Finch*, 637 F.3d 1207, 1212 (11th Cir. 2011). To prevail on such a claim,

a prisoner must establish that (1) his speech was constitutionally protected; (2) he suffered adverse action such that the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a casual relationship between the retaliatory action and the protected speech. *Id.* An inmate is considered "to be exercising his First Amendment right of freedom of speech when he complains to prison administrators about conditions of his confinement" and "may maintain a cause of action against prison administrators about the conditions of his confinement." *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008) (citing *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003)).

Plaintiff has stated a viable claim of retaliation. Plaintiff states that he complained about the conditions of his confinement in the transport van, namely, that it was hot in the back of the van without the ventilation system activated. As a result of Plaintiff's complaint, Roussean and John Doe removed him from the van, sprayed him with mace, and hit and kicked him about his face and body. Contrary to Defendant's argument, Plaintiff has adequately alleged a constitutional violation with respect to this claim. Thus, Defendant's motion to dismiss is denied.

### B. Equal Protection

Plaintiff also alleges that Defendant's actions of spraying him with mace and physically beating him deprived him of equal protection of the law (Doc. No. 13 at 12). To establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) his

5

discriminatory treatment was based on some constitutionally protected interest such as race. *Sweet v. Sec'y, Dept. of Corr.*, 467 F.3d 1311, 1318-19 (11th Cir. 2006).

Plaintiff's equal protection claim fails because he has not shown that he was similarly situated to other inmates who received more favorable treatment and that he was treated in a discriminatory fashion based on a constitutionally protected interest. Even a liberal construction of the Second Amended Complaint does not reveal any factual basis to support this claim. *See Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001); *Chandler v. Maples*, no. 3:07cv15/LAC/MD, at *1 (N.D. Fla. Apr. 17, 2007). Accordingly, the motion to dismiss is granted with respect to this claim.

### C. Cruel and Unusual Punishment

Plaintiff contends that being made to sit in the back of the transport van that was overcrowded without ventilation amounts to cruel and unusual punishment (Doc. No. 13 at 10-11). The Eighth Amendment governs the treatment a prisoner receives in prison and the conditions under which he is confined. *Helling v. McKinney*, 509 U.S. 25, 31 (1993).[3] However, "[n]ot every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Only the "'unnecessary and wanton infliction of pain' . . . constitutes cruel and

---

[3]If Petitioner is a pre-trial detainee then the claim must be analyzed under the Fourteenth Amendment rather than the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979). However, "in regard to providing pretrial detainees with such basic necessities as food, living space, and medical care the minimum standard allowed by the due process clause is the same as that allowed by the [E]ighth [A]mendment for convicted persons." *Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir. 1985).

unusual punishment forbidden by the Eighth Amendment." *Ingraham v. Wright*, 430 U.S. 651, 670 (1977) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citations omitted)). Claims challenging conditions of confinement under the Eighth Amendment must demonstrate an infliction of pain "without any penological purpose" or an "unquestioned and serious deprivation of basic human needs." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *see also Hamm v. DeKalb County*, 774 F.2d 1567, 1571-72 (11th Cir. 1985). Pursuant to the Eighth Amendment, prisoners may not be deprived of basic human needs, such as food, clothing, shelter, sanitation, medical care, and reasonable safety. *Helling v. McKinney*, 509 U.S. 25, 32 (1993).

The Eighth Amendment's proscription against cruel and unusual punishment requires that prison officials not be deliberately indifferent to serious risks to inmate safety. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). To prevail on a claim for deliberate indifference to a prisoner's safety, a prisoner must allege that (1) prison officers had subjective knowledge of an objectively serious risk of harm, (2) the prison officers disregarded that risk or did not reasonably respond, and (3) the prison officers acted with more than mere negligence. *Id.* at 834-35. "The Eighth Amendment applies to prisoner claims of inadequate cooling and ventilation. Cooling and ventilation are distinct prison conditions, and a prisoner may state an Eighth Amendment claim by alleging a deficiency as to either condition in isolation or both in combination." *Chandler v. Crosby*, 379 F.3d 1278, 1294 (11th Cir. 2004). The Eighth Amendment "is concerned with both the 'severity' and the 'duration' of the prisoner's exposure to inadequate cooling and ventilation." *Id.* at 1295

7

(citations omitted).

In the instant case, while Plaintiff alleges that the transport van was initially overcrowded, Plaintiff acknowledges that at each stop prisoners were removed. Plaintiff notes that by the last stop only six prisoners remained in the transport vehicle. The ventilation system and air were turned off during each stop while prisoners were unloaded from the transport van, and turned back on when commenced moving. Plaintiff contends that after the last stop, during which the ventilation system was turned off, he waited ten minutes after Defendant began driving to ask whether the ventilation system could be activated. Plaintiff does not allege that any physical injury was caused by the initial overcrowding in the vehicle or temporary lack of ventilation. Plaintiff's claim does not state a physical injury that is greater than a de minimis injury, and therefore this claim must be dismissed. 42 U.S.C. § 1997e(e); *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1312-13 (11th Cir. 2002) (a prisoner's claim must be accompanied by allegations of physical injuries that are greater than de minimis).[4] Defendant Roussean's motion to dismiss is granted with respect to the instant claim.

### D. Excessive Force

Plaintiff claims that as a result of asking whether "please" was constitutionally

---

[4] Although the Eleventh Circuit has concluded that nominal damages are appropriate if a plaintiff has established a violation of a constitutional right, even if he cannot prove actual injury, *Hughes v. Lott*, 350 F.3d 1157, 1162 (11th Cir. 2003), Plaintiff's complaint cannot be liberally construed as seeking nominal damages because he specifically requests only compensatory and punitive damages. *See Quinlan v. Personal Transport Services Co., LLC*, no. 5:08cv167/RS/MD, 2008 WL 2704521, at *3 n.1 (N.D. Fla. July 3, 2008).

required, Roussean and John Doe removed him from the transport vehicle, he was sprayed with mace, and beaten and kicked as described above (Doc. No. 13 at 11).

"Claims involving the mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause . . . ." *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 & n. 16 (1979)). However, such claims are analyzed under the same standard. *Id.*; *Smith v. Vavoulis*, 373 F. App'x 965, 966 (11th Cir. 2010). To establish a claim for excessive force, Plaintiff must establish the subjective component that the force was applied maliciously and sadistically for the purpose of causing harm. *Smith*, 373 F. App'x at 966 (citing *Campbell v. Sikes*, 169 F.3d 1353, 1374 (11th Cir. 1999)). To determine whether the force was applied maliciously and sadistically for the purpose of causing harm, courts look to the following factors: (1) the extent of injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the threat to safety of staff and inmates, as reasonably perceived by the responsible officials based on the facts known to them. *Id.* A plaintiff must also prove an objective component, that a requisite amount of force was used against him. *Id.* Plaintiffs must suffer from more than a *de minimis* injury. *Id.* (citing *Hudson v. McMillian*, 503 U.S. 1, 10 (1992); *Johnson v. Breeden*, 280 F.3d 1308, 1321 (11th Cir. 2002)).

Plaintiff has stated a viable claim for relief. Plaintiff states that Defendant and John Doe pulled him out of the transport van due to his question of whether saying please is

constitutionally required. In taking Plaintiff's allegations as true, as the Court is required to do at this stage, Plaintiff has demonstrated the subjective and objective components to excessive force. Plaintiff's allegations essentially allege that (1) there was no need for the force applied (mace, punching, and kicking), (2) no threat to Defendant's safety, and (3) that he suffered more than de minimis injuries, as he states that he now suffers from numbness in his stomach-area and headaches. As such, Defendant's motion to dismiss with respect to this claim is denied.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Roussean's Motion to Dismiss (Doc. No. 35) is **GRANTED** in part and **DENIED** in part. Plaintiff's equal protection and Eighth Amendment cruel and unusual punishment claims are dismissed from this action.

2. Defendant shall file an answer within **TWENTY-ONE (21) DAYS** from the date of this Order.

**DONE AND ORDERED** in Orlando, Florida, this ___ day of November, 2011.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 11/9
Tommy Lee Benton
Counsel of Record

10